UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                      CASE No. 8:09-CR-404-T-23TGW

ANTONIO MUÑOZ BRANT-EPIGMELIO

_____

REPORT AND RECOMMENDATION

This cause came on to be heard upon Defendant Muñoz's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction and Request for Evidentiary Hearing and Oral Argument (Doc. 14) and Muñoz's Motion to Dismiss Indictment on Various Constitutional Grounds (Doc. 15). The motions were referred to me for a report and recommendation (Doc. 32). For the foregoing reasons, I recommend that the motions be denied.

I.

The defendant is a Columbian national who, on or about August 18, 2009, was on board a go-fast vessel in international waters, approximately 240 miles north of Columbia (see Doc. 25-2, p. 1).¹ The vessel displayed no

_____

¹These facts are obtained from the Secretary of State designee's Certification for the Maritime Drug Enforcement Act Case Involving Go-Fast Vessel (Venezuelan Nationality) Federal Drug Identification Number (FDIN)–2009528431, executed on October 27, 2009 (Doc. 25-2).

indicia of nationality (id.). A United States law enforcement team conducted a right-of-visit boarding of the vessel to determine its nationality (id.). There were three crew members: the defendant and two individuals of Venezuelan nationality (id.). The alleged master of the vessel claimed Venezuelan nationality for the vessel (id.). Following inquiry by the United States Coast Guard, the Government of Venezuela confirmed Venezuelan registry of the vessel and granted the Government of the United States authorization to board and search the vessel (id., pp. 1, 3). United States law enforcement discovered forty-five bales of cocaine on the vessel (id., p. 3).

In accordance with the Agreement Between the Government of the United States of America and the Government of the Republic of Venezuela to Suppress Illicit Traffic in Narcotic Drugs and Psychotropic Substances by Sea, the United States Government reported to Venezuela the discovery of cocaine and "requested that Venezuela waive jurisdiction over the go-fast vessel for the purpose of enforcement of U.S. law by the United States against the Columbian national on board. On August 21, 2009, authorities of the Government of Venezuela notified the United States that it waived objection to the enforcement of U.S. law by the United States over the go fast vessel for the Columbian crewmember onboard" (id.). On August 23,

2009, the Venezuelan government took possession of the crew members of Venezuelan nationality, the go-fast vessel, and most of the cocaine (see Doc. 14-4).

The defendant was charged in a two-count indictment with possession, and conspiracy to possess, with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. 70501, et seq. (Doc. 1). The defendant moves to dismiss this indictment for lack of subject matter jurisdiction, arguing that he was not on a "vessel subject to the jurisdiction of the United States" because "[a]s a matter of law, a country of registry cannot take possession of its vessel but consent to the exercise of jurisdiction by the United States over a single individual on board; and the United States cannot subject a vessel to its jurisdiction but relinquish actual custody and control over the vessel to another country" (Doc. 14, p. 2).[2] In his reply memorandum, the defendant

---

[2] The defendant also filed a Motion to Dismiss Indictment on Various Constitutional Grounds (Doc. 15). As the defendant acknowledges in that motion, the Eleventh Circuit has previously rejected those arguments (id., pp. 3-7; see also Doc. 25, pp. 3-4). He therefore states that he filed this motion "for appellate preservation purposes" (Doc. 15, pp. 5, 6, 7). Because the Eleventh Circuit has rejected these arguments, I recommend that the Motion to Dismiss Indictment on Various Constitutional Grounds (Doc. 15) be denied.

argues (unclearly) that Venezuela did not consent or waive objection to the enforcement of United States law by the United States on board the vessel (Doc. 31, p. 9).

The United States filed a memorandum in opposition to the motion, arguing that it must be denied because the requirement that the "vessel [be] subject to the jurisdiction of the United States" presents an issue of "statutory jurisdiction," not the subject matter jurisdiction of federal courts (Doc. 25, p. 4). Furthermore, the Government argues that the Secretary of State designee's Certification for the Maritime Drug Enforcement Act Case Involving Go-Fast Vessel (Venezuelan Nationality) Federal Drug Identification Number (FDIN)–2009528431, executed on October 27, 2009 (Doc. 25-2)("October 2009 Certification"), which states that Venezuela waived objection to the enforcement of United States law by the United States over the go-fast vessel for the Columbian crewmember on board, establishes that the vessel was subject to the jurisdiction of the United States (Doc. 25, p. 1, n.1; p. 5).

An evidentiary hearing was conducted on this motion (see Doc. 40). At the hearing, the parties confirmed that their evidence consisted of

documents already filed in the record.[3] Furthermore, although the parties' memoranda mainly addressed whether the requirement that the "the vessel [be] subject to the jurisdiction of the United States" was a limit on subject matter jurisdiction, the Government did not press this issue at the hearing in light of the Eleventh Circuit's holding in United States v. Betancourth, 554 F.3d 1329, 1332-1333 & n.3 (11th Cir. 2009), that this is an issue of subject matter jurisdiction. Therefore, the hearing focused on whether the Government satisfied the MDLEA's requirement that the defendant was on board a "vessel subject to the jurisdiction of the United States." 46 U.S.C. 70502(c).

II.

In enacting the MDLEA, Congress found that "trafficking in controlled substances aboard vessels is a serious international problem ... and presents a specific threat to the security and societal well-being of the United States...." 46 U.S.C. 70501 (Supp. 2009). As pertinent here, the MDLEA

---

[3] In this connection, the Government submitted the October 2009 Certification (Doc. 25-2). The defendant submitted an earlier certification dated September 30, 2009 (Doc. 24-2), copies of communications between the United States Coast Guard and the Venezuelan Government, and documentation of transfers between the United States Coast Guard and Venezuelan authorities (Docs. 14, 31). The defendant also submitted articles from a Bolivian news agency regarding this incident and the disposition of the Venezuelan drug charges against the Venezuelan nationals (Doc. 39).

makes it illegal to "knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board ... a vessel subject to the jurisdiction of the United States." 46 U.S.C. 70503(a)(1). It is also illegal to conspire to violate that section. 46 U.S.C. 70506(b).

The issue presented by this motion to dismiss is whether the United States established that the defendant was on board a "vessel subject to the jurisdiction of the United States" (Doc. 14, p. 5). See United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002) cert. denied, 538 U.S. 909 (2003)(the Government bears the burden of establishing MDLEA subject matter jurisdiction). It is a preliminary question of law to be determined by the trial judge. 46 U.S.C. 70504(a). This jurisdictional provision was not intended as a protection for defendants; rather, it was "inserted into the statute as a diplomatic courtesy to foreign nations and as a matter of international comity in order to avoid 'friction with foreign nations.'" United States v. Tinoco, supra, 304 F.3d at 1108 (citation omitted).

As pertinent here, the statute provides that "the term 'vessel subject to the jurisdiction of the United States' includes ... a vessel registered in a foreign nation if that nation has consented or waived objection to the

enforcement of United States law by the United States." 46 U.S.C. 70502(c)(1)(C). This consent or waiver "may be obtained by radio, telephone or similar oral or electronic means" and it "is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. 70502(c)(2).

### III.

The United States argues that the defendant was on board a "vessel subject to the jurisdiction of the United States" because Venezuela, the vessel's country of registry, "waived objection to the enforcement of United States law over the go-fast vessel for the prosecution of the Columbian national" (Doc. 25, p. 2). See 46 U.S.C. 70502(c)(1)(C). The United States contends that Venezuela's waiver of objection is conclusively established by the October 2009 Certification by Terrence Johns, a United States Coast Guard Commander and United States Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, United States Department of State (Doc. 25-2). In the certification, Johns stated pertinently (id., p. 3):

> On August 21, 2009, authorities of the Government of Venezuela notified the United States that it waived objection to the enforcement of U.S. law by

the United States over the go fast vessel for the Columbian crewmember onboard.

The defendant argues that he was not on board a "vessel subject to the jurisdiction of the United States" because the United States returned the vessel to Venezuelan authorities (Doc. 14, pp. 2, 6-7). More specifically, the defendant contends that, when the United States "turned the [go-fast vessel] over to Venezuela, the [United States] relinquished or waived any jurisdiction it otherwise might have had over that vessel for purposes of proceeding against [the defendant] in this case under the MDLEA" (id., p. 7).

Significantly, the defendant does not cite in either of his memoranda any legal authority in support of this contention. At the hearing, defense counsel stated that the statute is his sole support for this argument. However, the MDLEA does not mention, or even hint, that the relinquishment of physical possession of the vessel to the country of registry waives the United States' jurisdiction, or otherwise nullifies the country of registry's consent to the United States' enforcement of United States law.

Thus, the MDLEA unambiguously provides that a "vessel [is] subject to the jurisdiction of the United States" when the country of registry "has consented or waived objection to the enforcement of United States law

by the United States." 46 U.S.C. 70502(c)(1)(C). Accordingly, physical possession of the vessel is not a consideration in determining whether subject matter jurisdiction exists pursuant to this provision.

At the hearing, defense counsel argued generally that jurisdiction is precluded by the 1958 Convention on the High Seas, which precludes a vessel from flying more than one flag. However, as the United States points out, the one-flag rule concerns vessel registration and does not preclude concurrent jurisdiction over crew members. In response, defense counsel seemingly changed his argument, contending that it is not Venezuela's possession of the vessel that is dispositive, but rather that Venezuela did not waive objection to United States enforcement of United States law over the vessel. That contention is baseless.

If the country of registry consents or waives objection to the enforcement of United States law by the United States, there is nothing in the MDLEA that precludes the United States from exercising jurisdiction simply because the vessel was returned to the country of registry. 46 U.S.C. 70502(c)(1)(C). Further, the court may not engraft such limitations on the plain, unambiguous language of the statute. See Friends of Everglades v. South Florida Water Mgmt Dist., 570 F.3d 1210, 1224 (11th Cir. 2009)(courts

are not allowed to add or subtract words from a statute). It is hard to conceive that Congress intended for the defendant not to be prosecuted by the United States simply because the vessel was returned to its country of registry. Such a limitation also does not promote the diplomatic purpose of this jurisdictional provision, which is satisfied by the country of registry's consent or waiver. Therefore, the contention of lack of jurisdiction should be rejected.

The defendant alternatively argues that the United States has not established that Venezuela waived objection to the enforcement of United States law by the United States over the go-fast vessel with respect to the defendant (Doc. 31, pp. 9-10). See 46 U.S.C. 70502 (c)(1)(C). In this connection, the defendant argues that the October 2009 Certification, which states that Venezuela did "waive[] objection to the enforcement of U.S. law by the United States over the go fast vessel for the Columbian crewmember onboard" (Doc. 25-2, p. 3) "only constitutes rebuttable prima faci[e] evidence of the facts certified," and there is documentation that purportedly rebuts that dispositive jurisdictional fact (Doc. 14, pp. 7-8; see also Doc. 31, pp. 6-7).

The contention that the October 2009 Certification is only "rebuttable prima facie evidence" of Venezuela's waiver is defeated by the

plain and unambiguous language of the statute. Thus, the Act provides that "[c]onsent or waiver of objection by a foreign nation to the enforcement of United States law by the United States...is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. 70502(c)(2)(B).

Significantly, in October 1996, Congress amended the MDLEA's predecessor statute, which provided that the country of registry's waiver of objection "may be proved" by the Secretary of State's certification, to state that the Secretary of State's certification "conclusively prove[s]" these facts. See Pub. L. No. 104-324, 110 Stat. 3901 (codified at 46 U.S.C. app. 1903(c)(1))(the words "and may be" were stricken and replaced with "and is conclusively").[4] Therefore, it could not be clearer that Congress intended the October 2009 Certification to be considered irrefutable proof that Venezuela waived objection to enforcement of United States law by the United States.

Moreover, recent Eleventh Circuit cases have acknowledged that, pursuant to 46 U.S.C. 70502(c)(2)(B), the Secretary of State's certification proves conclusively the consent or waiver of objection by a

---

[4] The present version of this provision, 46 U.S.C. 70502(c)(2)(B), is not substantively different; it reverses the words so that consent or waiver is "proved conclusively" by certification of the Secretary of State.

foreign nation to the enforcement of United States law by the United States. See United States v. Betancourth, supra, 554 F.3d at 1334; United States v. Aguilar, 286 Fed. Appx. 716, 718 (11th Cir. 2008)(unpub. dec.). On the other hand, the cases cited in the defendant's memoranda for the proposition that the certification is only rebuttable prima facie evidence of jurisdiction are inapposite because they involved a distinct statutory provision regarding jurisdiction over stateless vessels that did not provide that the Secretary of State's certification was conclusive proof of statelessness (Doc. 14, p. 7; Doc. 31, pp. 6-7).[5]

In United States v. Devila, 216 F.3d 1009, 1013-14 (11th Cir. 2000)(vacated in part), and United States v. Tinoco, supra, 304 F.3d at 1112, the defendants, who were convicted of violating the MDLEA's predecessor statute, argued that the United States had not proved that they were aboard a vessel without nationality, which is another method of establishing subject matter jurisdiction. 46 U.S.C. app. 1903(c). In both cases, the United States proffered certifications in support of the vessel's statelessness. United States

---

[5]The defendant asserted at the hearing that construing the Secretary of State's certification as conclusive proof of jurisdictional facts is unconstitutional. However, that issue was not raised in the Motion to Dismiss for Lack of Subject Matter Jurisdiction. Accordingly, it is not addressed, since it was neither properly raised nor developed.

v. Devila, supra, 216 F.3d at 1012; United States v. Tinoco, supra, 304 F.3d at 1094. In holding that the certifications "constitute[] rebuttable prima facie evidence" of statelessness, neither Devila nor Tinoco applied a statute which required the court to consider the Secretary of State's certification conclusive proof of statelessness.[6] Moreover, the holding in Devila is based upon two Eleventh Circuit cases that pre-dated the October 1996 amendments that made these certifications conclusive proof of certain jurisdictional facts. 216 F.3d at 1015, n. 4. Consequently, Devila and Tinoco are inapplicable to the issue of conclusiveness in this case.[7]

---

[6]The defendants in Devila had been indicted in June 1996, 216 F.3d at 1012, several months prior to the statute's October 19, 1996, amendment making the Secretary of State's certification of a denial of a vessel's registry "conclusive[] proof" of that fact. In Tinoco, the United States proffered a declaration which stated that Columbia "could neither confirm or deny the verbal claim of Columbian registry." 304 F.3d at 1113. The statute in effect at that time provided only that a "denial" of a claim of registry is proved conclusively by certification of the Secretary of State. 46 U.S.C. app. 1903(c)(2)(2000). It was amended in 2008 to provide that "[t]he response of a foreign nation to a claim of registry ... is proved conclusively by certification of the Secretary of State or the Secretary's designee." Pub. L. No. 110-181, 122 Stat. 3 (codified at 42 U.S.C. 70502(d)(2)(Supp. 2009)).

[7]The defendant also cited in his memorandum to United States v. Mena, 863 F.2d 1522, 1531 (11th Cir. 1989). Mena involved a document from the Commander General of the Honduran Navy that stated Honduras had consented to the United States' exercise of jurisdiction. Id. at 1530. That document is not a certification from the Secretary of State. Regardless, the pertinent statute in Mena provided only that consent to the enforcement of United States law "may be proved" by the Secretary of State's certification. Id. at n.7. Therefore, Mena does not undermine the conclusion in this case that a certification from the Secretary of State is conclusive proof of waiver.

At the hearing on this matter, the defendant also cited to United States v. Rojas, 53

Therefore, pursuant to the plain language of 46 U.S.C. 70502(c)(2)(B), the Venezuelan government's waiver of objection to the enforcement of United States law is "proved conclusively" by the October 2009 Certification. Accordingly, the additional documentation submitted by the defendant (Docs. 14-2-14-4, 31-2, 39) is irrelevant.[8] Consequently, because Venezuela, the vessel's country of registry, has waived objection to

---

F.2d 1212 (11th Cir. 1995). However, Rojas also pre-dated the October 1996 amendments. See id. at 1214 (quoting the statutory provision that consent "may be proved" by certification).

[8] Nevertheless, it is noted that the defendant argues that "there is a significant factual conflict between the [September and October] MDLEA certifications" (Doc. 31, p. 9). The September 30, 2009, Certification states that the Venezuelan government "waived objection to the enforcement of U.S. law by the United States over the Columbian crewmember of the go-fast vessel" (Doc. 24-2, p. 3). The October 2009 Certification states that Venezuela "waived objection to the enforcement of U.S. law by the United States over the go fast vessel for the Columbian crewmember onboard"(Doc. 25-2, p. 3). The defendant baselessly argues that the distinction between the certifications – the former waiving objection to the enforcement of United States law "over the Columbian crewmember of the go-fast vessel" and the latter more specifically stating the waiver is "over the go fast vessel for the Columbian crewmember onboard"– raises "serious questions about the reliability of the recitations of jurisdictional facts" (Doc. 31, p. 10).
    The clarification contained in the October 2009 Certification does not undermine the reliability of the recitations therein. This is especially true in light of the fact that the distinction is inconsequential. Both certifications specify that Venezuela "waived objection to the enforcement of U.S. law by the United States," which tracks the language of the statute. 46 U.S.C. 70502(c)(2). The statute does not require, as the defendant argues, that the consent or waiver contain the words "over the vessel" or "on board the vessel." Further, the defendant has not proffered any authority to the contrary. But, as indicated, none of this really matters since the October 2009 Certification conclusively proves that Venezuela waived objection to the enforcement of United States law with respect to the defendant.

enforcement of United States law by the United States, the vessel the defendant was aboard is deemed a "vessel subject to the jurisdiction of the United States" 46 U.S.C. 70502(c)(1)(C), thereby satisfying the United States' burden of proving subject matter jurisdiction in this case.

I therefore recommend that Defendant Muñoz's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction and Request for Evidentiary Hearing and Oral Argument (Doc. 14) be denied. Further, I recommend that Muñoz's Motion to Dismiss Indictment on Various Constitutional Grounds (Doc. 15) be denied.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 22, 2009

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).